UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MAURICE BROWNLEE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03302-JRS-MPB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Mr. Maurice Brownlee for a writ of habeas corpus challenges a prison disciplinary proceeding identified as CIC 18-03-0343. For the reasons explained in this Entry, Mr. Brownlee's habeas petition must be **denied.**

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On March 21, 2018, Lieutenant Coats wrote a conduct report charging Mr. Brownlee with violating Code B-202, possession of a controlled substance. Dkt 8-1. The conduct report states:

> On March 21, 2018 at approx. 7:30 pm, I Lt. L. Coats was doing an [sic] Prea Inspection in D-Unit. I walked by cell 21-2D and noticed Offender Brownlee, Maurice #173631 21B-2D (BM) standing at the metal desk in that cell. I walked in and asked him what he was doing and what that was on the desk. He stated to me that it was a cigarette he rolling. I searched the offender and told him to step out of the cell. I looked at the brown paper and found small white pieces of paper laying on it. I asked Brownlee what it was and he stated it was just tea on the paper. I asked him if the white pieces of paper were spice and he said "NO". I told him that I believe it is and that I will have it tested. He told me to go ahead and have it tested, because it will not test for anything. I also found what appears to be measuring paper to measure how to cut items into different sizes. I confinscated [sic] all the above items.

*Id*.

Lieutenant Coats completed a confiscation slip and placed the items in an evidence locker. Dkt. 8-2; dkt. 8-3 at 2.

Investigator Steven Hall completed a Suspicious Controlled Substance Confirmation form stating that the confiscated substances constitute a violation of Code B-202. Dkt. 8-3 at 1. The form explained that chemical tests are not available "to positively identify all controlled substances," so the prison relies "on the circumstances surrounding the items found and identified as synthetic marijuana or drug paraphernalia." *Id*. Because offense B-202 proscribes possession of "both paraphernalia and 'lookalike' substances," the form continues, any "items found that appear to be used for smoking/consuming controlled substances, including but not limited to . . . papers soaked in coffee (or other liquids) [or] suspicious torn pieces of paper . . . will constitute a violation of ADP B202 Possession or Use of a controlled substance." *Id.*

On March 22, 2018, the screening officer notified Mr. Brownlee of the charge and served him with a copy of the conduct report and a copy of the notice of disciplinary hearing. Dkt. 8-1;

dkt. 8-4. Mr. Brownlee pleaded not guilty and requested a lay advocate who was later appointed. Dkt. 8-4. Mr. Brownlee did not request witnesses but wrote, "brought a bag to present." *Id*.

On April 2, 2018, the hearing officer held a disciplinary hearing. Dkt. 8-5. Mr. Brownlee pled not guilty and stated, "It was tobacco I was rolling. I was never searched by Mr. Coats." *Id*. The hearing officer considered the staff reports, Mr. Brownlee's statement, and the physical evidence—the measuring tool and the brown paper—and found Mr. Brownlee guilty. *Id*. The hearing officer sanctioned Mr. Brownlee with a 90-day loss of good-time credit. *Id*.

Mr. Brownlee filed appeals to the Facility Head and the Final Review Authority. Dkt. 8-6 at 2. Both appeals were denied. Dkt. 8-6 at 1; dkt. 8-7. Mr. Brownlee then brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Brownlee presents two challenges to his disciplinary hearing and subsequent finding of guilt. First, Mr. Brownlee asserts that the hearing officer's determination is not supported by sufficient evidence. Dkt. 1 at 3-6. Second, Mr. Brownlee challenges the respondent's denial of his request to have the substance in question tested at a laboratory and to see the confiscated papers. Dkt. 1 at 7.

1.     Sufficiency of Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than

the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Brownlee asserts that there is insufficient evidence to prove he was guilty of violating Code B-202. The version of Code B-202 in effect at the relevant time prohibited "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code, possession of drug paraphernalia, possession/use of a synthetic drug, or drug lookalike." Indiana Department of Correction Adult Disciplinary Process, Appendix I: Offenses, at 3 (June 1, 2015).

Possession is defined as an item "[o]n one's person, in one's quarters, in one's locker or under one's physical control. . . . [O]ffenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing . . . assignment that are under their control." *See* IDOC Manual of Policies and Procedures, The Disciplinary Code for Adult Offenders, 02-04-101 at 5. Mr. Brownlee asserts that there was no way to ascertain whether the brown paper belonged to him or to his cell mate. Ownership, however, is not the issue. The conduct report states that Mr. Brownlee was standing at a metal desk in his cell and when asked by Lt. Coats about what he was doing, Mr. Brownlee stated he was rolling a cigarette. Dkt. 8-1. Mr. Brownlee's statement and the fact that the confiscated items were in his quarters shows that he possessed the items.

One of the reports relied upon by the hearing officer was the form "Suspicious Controlled Substance Confirmation." Dkt. 8-3 at 1. It states, in part, "[w]ithout a chemical test available to positively identify all controlled substances, the facility is going to rely on the circumstances surrounding the items found and identified as synthetic marijuana or drug paraphernalia. . . .

Therefore, items found that appear to be used for smoking/consuming controlled substances, including . . . objects with suspicious residue . . . rolling papers, suspicious torn pieces of paper . . . will constitute a violation of ADP B202 Possession or Use of a controlled substance." *Id*.

The hearing officer found Mr. Brownlee guilty based on the staff reports, Mr. Brownlee's statement, and the physical evidence, including the brown paper and measuring tool. This evidence is sufficient to support the hearing officer's decision that Mr. Brownlee was in possession of a controlled substance.[1] Mr. Brownlee is not entitled to relief on this basis.

### 2. Denial of Evidence

Mr. Brownlee also challenges the denial of certain evidence, including the confiscated papers and test results from the confiscated evidence.

The parties dispute whether Mr. Brownlee exhausted this claim and requested the evidence in a timely manner. The Court need not discuss these issues because this claim fails on the merits.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). In the prison disciplinary context, "the purpose of [this] rule is to insure that the disciplinary board considers all of the evidence relevant to guilt or innocence and to enable the prisoner to present his or her best defense." *Id.* Evidence is exculpatory if it undermines or contradicts the finding of guilty, *see id.*, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

---

[1] In Mr. Brownlee's petition, he contends that the appropriate standard of review is not the "some evidence" standard, but rather a preponderance of the evidence standard. Dkt. 1 at 4. However, Mr. Brownlee incorrectly states the standard of review applied in habeas cases. As previously noted, a hearing officer's decision need only rest on "some evidence." *Ellison*, 820 F.3d at 274.

Although prisoners have a right to request evidence, they do not have the right to create new evidence which does not already exist because "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. Moreover, petitioners have no right to laboratory testing. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test. . . Prison administrators are not obligated to create favorable evidence or produce evidence they do not have.").

The prison was not obligated to create or produce evidence it did not have. Therefore, Mr. Brownlee was not entitled to have the substance tested or receive any test results. With respect to any denial of the papers, there is a photograph of all confiscated evidence that was available. Dkt. 8-3 at 2. Moreover, Mr. Brownlee does not explain how the papers would be exculpatory in nature or would undermine the existing evidence that the hearing officer relied upon.

Accordingly, Mr. Brownlee is not entitled to relief on this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Brownlee to the relief he seeks. Accordingly, Mr. Brownlee's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/6/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAURICE BROWNLEE
173631
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov